IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MIA R. RINALLO,                           3:16-CV-00678-BR

        Plaintiff,                   OPINION AND ORDER

v.

CAPSA SOLUTIONS, LLC, a
foreign corporation,

        Defendant.


GLENN N. SOLOMON
1001 S.W. Fifth Avenue, #1414
Portland, OR 97204
(503) 241-3508

        Attorney for Plaintiff

CODY M. WESTON
EDWARD CHOI
Perkins Coie, LLP
1120 N.W. Couch Street
10th Floor
Portland, OR 97209-4128
(503) 727-2000

        Attorneys for Defendant


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on the Motion (#6) to Dismiss of Defendant CAPSA Solutions, LLC.  For the reasons that follow, the Court **GRANTS** Defendant's Motion.


### BACKGROUND

The following pertinent facts are taken from Plaintiff's Complaint and accepted as true for purposes of Defendant's Motion.

Defendant CAPSA Solutions, LLC, hired Plaintiff Mia R. Rinallo as an Information Security/Regulatory Engineer on July 13, 2015.

During her employment Plaintiff's supervisor had the words "Pussy Riot" displayed on the white board in her office.  At some point Plaintiff complained about the white board to her supervisor and to Defendant's Human Resources department.  After Plaintiff complained, her supervisor retaliated against her by "subjecting her to unwarranted criticism."  Compl. at ¶ 9.

On September 21, 2015, Plaintiff sustained a workplace injury.  At some point Plaintiff reported the injury to Human Resources and filed a worker's compensation claim.

Later Plaintiff's supervisor "subjected [Plaintiff] to an outburst of criticism," and Plaintiff "went to the hospital with symptoms of acute stress."  Compl. at ¶ 13.  On October 23, 2015,

Plaintiff filed a second worker's compensation claim that involved her supervisor's "outburst of criticism." Defendant terminated Plaintiff that same day.

On December 18, 2015, Plaintiff filed a Complaint with the Oregon Bureau of Labor and Industries (BOLI) in which she alleged she was terminated after she complained to her supervisor about the white board display and filed two worker's compensation claims. Plaintiff asserted she believed she was terminated in retaliation for her "complaint about sexual harassment and my workers [*sic*] compensation claims." Decl. of Katrina Mollenkopf, Ex. 1 at 5.

On March 3, 2016, BOLI issued to Plaintiff a Notice of Right to File Civil Suit in which BOLI advised Plaintiff that she had the right to file an action "within 90 days from the date of this letter."

On April 19, 2016, Plaintiff filed a Complaint in this Court on the basis of diversity jurisdiction in which she alleges she was wrongfully terminated by Defendant "for resisting sexual harassment in violation of common law and ORS 659A.199" and "for pursuing workers [*sic*] compensation claims in violation of ORS 659A.040." Compl. at ¶¶ 15-16.

On August 8, 2016, a Summons was issued to Defendant. In its Motion Defendant states it received the Summons and Complaint on August 11, 2016.

3 - OPINION AND ORDER

On August 31, 2016, Defendant filed a Motion to Dismiss. The Court took Defendant's Motion under advisement on October 19, 2016.

## STANDARDS

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic v. Twombly*, 550 U.S. 554,] 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. . . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557, 127 S. Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). *See also Bell Atlantic*, 550 U.S. at 555-56. The court must accept as true the allegations in the complaint and construe them in favor of the plaintiff. *Din v. Kerry*, 718 F.3d 856, 859 (9th Cir. 2013).

The pleading standard under Federal Rule of Civil Procedure 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). *See also* Fed. R. Civ. P. 8(a)(2). "A pleading

that offers 'labels and conclusions' or 'a formulaic recitation
of the elements of a cause of action will not do.'" *Id.* (citing
*Twombly*, 550 U.S. at 555). A complaint also does not suffice if
it tenders "naked assertion[s]" devoid of "further factual
enhancement." *Id.* at 557.

"In ruling on a 12(b)(6) motion, a court may generally
consider only allegations contained in the pleadings, exhibits
attached to the complaint, and matters properly subject to
judicial notice." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir.
2012)(citation omitted). A court, however, "may consider a
writing referenced in a complaint but not explicitly incorporated
therein if the complaint relies on the document and its
authenticity is unquestioned." *Swartz v. KPMG LLP*, 476 F.3d 756,
763 (9th Cir. 2007)(citation omitted).


## DISCUSSION

Defendant moves to dismiss Plaintiff's claims on the grounds
that her state statutory claims are time-barred, her wrongful-
discharge claim is preempted, and she failed to serve Defendant
timely.

## I.   Preliminary matter

Plaintiff states in her Response to Defendant's Motion that
Plaintiff brings her retaliation claim pursuant to Title VII, 42
U.S.C. § 2000e-3(a), and Oregon Revised Statute § 659A.199 and

that her federal retaliation claim is not time-barred.  In her

Complaint, however, Plaintiff fails to allege any federal claim,

and, in fact, the Complaint as a whole clearly reflects Plaintiff

only asserts state-law claims.  For example, Plaintiff states in

her Complaint that "[t]his court has diversity jurisdiction under

28 USC 1331.  [Plaintiff] is a citizen of Oregon and [Defendant]

is a citizen of Delaware.  The amount in controversy exceeds

$75,000."  Compl. at ¶ 4.  Plaintiff does not make any allegation

of federal-question jurisdiction.  Similarly, as noted, Plaintiff

alleges she was terminated "for resisting sexual harassment in

violation of common law and ORS 659A.199" and "for pursuing

workers [sic] compensation claims in violation of ORS 659A.040."

Compl. at ¶¶ 15-16.  Plaintiff does not cite to or rely on any

federal statute in her Complaint or indicate she is bringing any

federal claims.  Finally, Plaintiff cites only Oregon cases that

involve Oregon statutes to support her allegation that she was

terminated for pursuing her right to be free from sexual

harassment.

On this record, the Court, therefore, concludes Plaintiff

does not allege a claim for violation of Title VII.  Accordingly,

the Court addresses only the claims that Plaintiff sets out in

her Complaint:  violation of § 659A.199, violation of § 659A.040,

and common-law wrongful discharge.

6 - OPINION AND ORDER

## II. Plaintiff's state-law statutory claims are time-barred.

As noted, Plaintiff asserts Defendant terminated her for resisting sexual harassment in violation of § 659A.199 and for pursuing worker's compensation claims in violation of § 659A.040. Defendant moves to dismiss these claims as untimely on the ground that Plaintiff failed to commence this action against Defendant within 90 days after BOLI mailed her Right-to-Sue letter.

Oregon Revised Statute § 659A.875(2) provides a claimant who has filed a BOLI complaint "*must* commence a civil action under ORS 659A.885 within 90 days after a 90-day notice is mailed to the complainant." Emphasis added. *See also Stewart v. Rock Tenn CP, LLC*, No. 3:13-CV-02147-SC, 2015 WL 1883910, at *7 (D. Or. Apr. 24, 2015)("If a claimant files a complaint with BOLI and receives a right-to-sue letter, the claimant 'must commence a civil action under ORS 659A.885 within 90 days after a 90-day notice is mailed to the complainant.'"). As noted, BOLI mailed Plaintiff a Right-to-Sue letter on March 3, 2016. Plaintiff, therefore, was required to commence her action against Defendant no later than June 1, 2016.

The Supreme Court has held in diversity cases that state law governs the commencement of an action for calculating the statute of limitations. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 752-53 (1980). *See also Montgomery v. City of Portland Fire & Rescue*, No. 08-CV-1006-MO, 2009 WL 1329850, at *4 (D. Or. May 8,

2009)(discussing *Walker*).   The Ninth Circuit has noted "[s]tatutes of limitations, which dictate the life of state causes of action, are too intimately connected with the substance of the state-created right to be disregarded by the federal courts." *Harvey's Wagon Wheel, Inc. v. Van Blitter*, 959 F.2d 153, 157 (9th Cir. 1992)(quotation omitted).   The Ninth Circuit, therefore, has held the federal civil rule governing commencement of action "does not commence a suit based on state law for purposes of the statute of limitations." *Sain v. City of Bend*, 309 F.3d 1134, 1138 (9th Cir. 2002)(internal citations omitted).

Oregon Revised Statute § 12.020(2) provides when a plaintiff serves the defendant with the summons "before the expiration of 60 days after the date on which the complaint in the action was filed, the action . . . shall be deemed to have been commenced upon the date on which the complaint in the action was filed." If a plaintiff does not serve the defendant with the summons within 60 days of the date the complaint was filed, the action is "deemed commenced . . . when the complaint is filed, *and* the summons served on the defendant."   Or. Rev. Stat. § 12.020(1) (emphasis added).

As noted, Plaintiff filed the Complaint in this matter on April 19, 2016.   Plaintiff, however, did not serve Defendant with a summons until August 11, 2016, which is more than 60 days after Plaintiff filed the Complaint.   Thus, § 12.020(2) does not apply,

8 - OPINION AND ORDER

and this matter is deemed to have been filed on August 11, 2016,
when, according to Defendant, it received the Summons.
Plaintiff, therefore, failed to file this action within 90 days
of her BOLI Right-to-Sue letter.

Accordingly, the Court concludes Plaintiff's statutory
claims are time-barred.  The Court, therefore, grants Defendant's
Motion to Dismiss Plaintiff's claims for violation of § 659A.199
and § 659A.040 with prejudice.[1]

### III. Plaintiff's common-law wrongful-termination claim is preempted.

As noted, Plaintiff alleges she was wrongfully terminated
for reporting sexual harassment and for filing two worker's
compensation claims.

### A.    Standards

Under Oregon law an employer may discharge an employee
at any time for any reason unless doing so violates a
contractual, statutory, or constitutional requirement.  *Yeager v.
Providence Health Sys. Or.*, 195 Or. App. 134, 140 (2004).  The
tort of wrongful discharge is a narrow exception to this general
rule.  *Dew v. City of Scappoose*, 208 Or. App. 121, 140 (2006).
The tort of wrongful discharge was not intended to be a tort of

---

[1] Because the Court has concluded Plaintiff did not assert
any federal claims in this action, the Court's dismissal of
Plaintiff's statutory claims with prejudice does not reflect a
ruling on any federal claim Plaintiff may seek to bring in the
future.

general application but rather an interstitial tort to provide a
remedy when the conduct in question is unacceptable and no other
remedy is available. *Reddy v. Cascade Gen., Inc.*, 227 Or. App.
559, 567 (2009)(citation omitted).  Oregon courts have recognized
two circumstances that give rise to the common-law tort of
wrongful discharge:  (1) discharge for exercising a job-related
right of important public interest and (2) discharge for
complying with a public duty.

**B.    Plaintiff's common-law wrongful-termination claim for
reporting sexual harassment.**

Defendant contends Plaintiff's wrongful-termination
claim for reporting sexual harassment is preempted because Oregon
Revised Statute § 659A.199 provides an adequate statutory remedy.
*See, e.g., Shaw v. Action Fin. Svcs. LLC.*, No. 1:14-CV- 00469-CL,
2014 WL 4404961, at *3 (Sept. 5, 2014)("ORS § 659A.199 provides
an adequate (if not better) remedy than a wrongful discharge
claim.  Thus, [the plaintiff's] claim that AFS violated ORS §
659A.199 by retaliating against [his] for [his] report of alleged
discrimination against him precludes a common law wrongful
discharge claim based on the same conduct."); *Shapiro v. Am.
Bank. [FSB]*, No. 3:12-cv-1358-AC, 2013 WL 6157266, at *4 (Nov.
21, 2013)(same); *Franklin v. Clarke*, No. 10-00382-CL, 2011 WL
4024638, at *11 (D. Or. Sept. 9, 2011)(same); *Duran v. Window
Prods., Inc.*, CV No. 10-125-ST, 2011 WL 1261190, at *2-3 (D. Or.
Mar. 29, 2011)(same).

10 - OPINION AND ORDER

In *Duran* Magistrate Judge Stewart analyzed whether
Oregon Revised Statute § 659A.199 provides an adequate statutory
remedy in a Findings and Recommendation adopted by Judge
Haggerty.   In *Duran* the plaintiff brought a claim under
§ 659A.199 and a claim for wrongful discharge.   In bringing her
wrongful-discharge claim, the plaintiff relied on *Olsen v.
Deschutes County*, 204 Or. App. 7 (2006), in which the Oregon
Court of Appeals addressed whether the court should dismiss the
plaintiffs' wrongful-termination claim because the plaintiffs had
the option of pursuing an adequate statutory remedy under
§ 659.510 (renumbered § 659A.203) of Oregon's whistleblower
statute.   The Oregon Court of Appeals concluded in *Olsen* that the
fact that the statutory remedies were adequate was insufficient
standing alone because the legislature stated explicitly in the
text of the statute that the statutory remedies were not intended
to restrict or to impair any existing common-law remedies.   The
plaintiff in *Duran* contended even though the statutory remedies
under § 659A.199 were adequate, the legislature specifically
provided in § 659A.199(2) that the remedies in § 659A.199 are "in
addition to any common law remedy . . . for the conduct
constituting a violation of this section," and, therefore, the
plaintiff's wrongful-discharge claim was not precluded under
*Olsen* by § 659A.199.   The court, however, rejected the
plaintiff's argument.   Although the court conceded in *Duran* that

11 - OPINION AND ORDER

the language of § 659A.199(2) in conjunction with the holding in *Olsen* appears to suggest the plaintiff's wrongful-discharge claim was not precluded, the court, nevertheless, noted two grounds for declining to follow the reasoning in *Olsen*:

> First, *Olsen* interprets Oregon Supreme Court precedent in this area in a manner that the [Oregon] [S]upreme [C]ourt itself has not expressly articulated and which is arguably contrary to that higher court's still-controlling holdings on this point. In fact, the Oregon Supreme Court has never expressly overruled or even clarified its prior decisions to mean what *Olsen* holds. Second, the requirement that clear legislative intent always be present before a wrongful discharge claim is precluded — that an adequate statutory remedy by itself is not enough — necessarily expands the tort of wrongful discharge into areas where legislation already has given the claimant an adequate remedy and the public's interest is protected. Such expansion is clearly at odds with the tort's original construct, "to fill a remedial gap where a discharge would be left unvindicated," *Dunwoody v. Handskill Corp.*, 60 P.3d 1135, 1139 (Or. Ct. App. 2003), and its original purpose to "serve as a narrow exception to the at-will employment doctrine in certain limited circumstances where the courts have determined that the reasons for the discharge are so contrary to public policy that a remedy is necessary in order to deter such conduct." *Draper*, 995 F. Supp. at 1129. Put another way, *Olsen*'s holding at least enlarges the availability of the tort in ways that the Oregon Supreme Court did not contemplate when it created the tort and has not expressly approved since, thus potentially converting the tort from being a narrow exception to the general rule to the general rule itself.

2011 WL 1261190, at *3 (quoting *Reid v. Evergreen Aviation Ground Logistics Enter., Inc.*, Civil No. 07-1641-AC, 2009 WL 136019, at *15-20 (D. Or. Jan. 20, 2009)).

This Court has previously adopted the reasoning set out in *Duran* and continues to do so here. *See, e.g.*, Findings and

12 - OPINION AND ORDER

Recommendation of Dennis James Hubel, M.J., adopted on June 24, 2008 by Brown, J., *James v. Evergreen Intern. Airlines, Inc.*, No. 07-CV-1640-HU, 2008 WL 2564804, at *5 (D. Or. June 23, 2008) ("[The plaintiff] argues that the test used . . . to determine whether an alternate remedy exists requires a showing that an alternate adequate remedy exists and that the legislature intended the remedy to supersede common law remedies. [The plaintiff] is incorrect. The test is a disjunctive one, in which a wrongful discharge claim is precluded if the alternate remedy is adequate or if the legislature intended the remedy to supersede common law remedies.").

In this matter, therefore, the Court concludes the presence of an adequate statutory remedy precludes a claim for wrongful discharge based on the same conduct. Thus, the Court concludes Plaintiff's wrongful-discharge claim is precluded to the extent that her claim is based on the conduct that underlies her claim for violation of § 659A.199; *i.e.*, reporting sexual harassment. The Court, therefore, grants Defendant's Motion to Dismiss as to that portion of Plaintiff's claim for wrongful discharge based on the conduct that underlies her claim for violation of § 659A.199.

## C. Plaintiff's common-law wrongful-termination claim related to filing for worker's compensation benefits.

Defendant contends Plaintiff may not bring a claim for wrongful termination based on Plaintiff filing for worker's

compensation benefits because Oregon Revised Statute § 659A.040
provides an adequate statutory remedy. *See Whitley*, 654 F. Supp.
2d at 1225 (concluding the plaintiff's wrongful-discharge claim
was preempted because § 659A.040 provided adequate statutory
remedies). *See also Hedum v. Starbucks Corp.*, 546 F. Supp. 2d
1017, 1028 (D. Or. 2008)(Defendant's "argument that a claim for
wrongful discharge is preempted by a statutory worker's
compensation claim, while correct, is . . . moot); *Farrimond v.
Louisana-Pac. Corp.*, 103 Or. App. 563, 568 (1990)(affirming trial
court's dismissal of the plaintiff's wrongful-discharge claim on
the ground that former Oregon Revised Statute § 659.121(2)
provided adequate remedies); *Messer v. Portland Adventist Med.
Ctr.*, 707 F. Supp. 449, 454 (D. Or. 1989)(dismissing the
plaintiff's wrongful-discharge claim on the ground that former
Oregon Revised Statute § 659.121(2) provided adequate remedies).

     This Court has previously adopted the reasoning of
*Whitley* and continues to do so here. *See, e.g., Kwiecinski
v. Medi-Tech Int'l Corp.*, 3:14-CV-01512-BR, 2016 WL 3268874, at
*5-6 (D. Or. June 6, 2016)(finding the availability of a similar
statute in New York precluded Plaintiff's wrongful-discharge
claim). The Court, therefore, concludes Plaintiff's wrongful-
termination claim is precluded to the extent that her claim is
based on her filing for worker's compensation benefits.

     Accordingly, the Court grants Defendant's Motion to

14 - OPINION AND ORDER

Dismiss Plaintiff's common-law claim for wrongful termination.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion (#6) to Dismiss and **DISMISSES** this matter as to Plaintiff's state-law claims **with prejudice**.

To the extent Plaintiff intends to pursue federal claims in this action, Plaintiff has leave to file **no later than December 12, 2016,** an amended complaint stating such federal claims but without prejudice to Defendant raising any time-limit defenses thereto.

IT IS SO ORDERED.

DATED this 28th day of November, 2016.

_____
ANNA J. BROWN
United States District Judge

15 - OPINION AND ORDER