IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


MIA R. RINALLO,                              3:16-CV-00678-BR

        Plaintiff,                        OPINION AND ORDER

v.

CAPSA SOLUTIONS, LLC, a
foreign corporation,

        Defendant.


**GLENN N. SOLOMON**
1001 S.W. Fifth Avenue, #1414
Portland, OR 97204
(503) 241-3508

        Attorney for Plaintiff

**CODY M. WESTON**
**EDWARD CHOI**
Perkins Coie, LLP
1120 N.W. Couch Street
10th Floor
Portland, OR 97209-4128
(503) 727-2000

        Attorneys for Defendant


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on the Motion (#18) to Dismiss Plaintiff's Amended Complaint filed by Defendant CAPSA Solutions, LLC.  For the reasons that follow, the Court **GRANTS** Defendant's Motion and **DISMISSES** this matter **with prejudice**.


## BACKGROUND

The following facts are taken from Plaintiff's Amended Complaint and accepted as true for purposes of Defendant's Motion.

Defendant CAPSA Solutions, LLC, hired Plaintiff Mia R. Rinallo as an Information Security/Regulatory Engineer on July 13, 2015.

During her employment Plaintiff's supervisor had the words "Pussy Riot" displayed on the whiteboard in her office.  At some point Plaintiff complained about the whiteboard to her supervisor and to Defendant's Human Resources Department.  After Plaintiff complained, her supervisor retaliated against her by "subjecting her to unwarranted criticism."  Amended Compl. at ¶ 9.

On December 18, 2015, Plaintiff filed a Complaint with the Oregon Bureau of Labor and Industries (BOLI) in which she alleged, among other things, that she was terminated after she complained to her supervisor about the whiteboard display. Plaintiff asserted she believed she was terminated in retaliation

2 - OPINION AND ORDER

for her "complaint about sexual harassment."  Decl. of Katrina
Mollenkopf, Ex. 1 at 5.

On March 3, 2016, BOLI issued Plaintiff a Notice of Right to
File Civil Suit in which BOLI advised Plaintiff that she had the
right to file an action "within 90 days from the date of this
letter."

On April 19, 2016, Plaintiff filed a Complaint in this Court
on the basis of diversity jurisdiction in which she alleged,
among other things, that she was wrongfully terminated by
Defendant "for resisting sexual harassment in violation of common
law and ORS 659A.199."  Compl. at ¶¶ 15.

On August 8, 2016, a Summons was issued to Defendant.
Defendant received the Summons and Complaint on August 11, 2016.

On August 31, 2016, Defendant filed a Motion to Dismiss.

On November 28, 2016, the Court issued an Opinion and Order
in which it concluded Plaintiff's Complaint did not allege any
federal claims for relief and her state-law claims were untimely
because she failed to file this action within 90 days of her BOLI
Right-to-Sue letter.  The Court, therefore, granted Defendant's
Motion to Dismiss and dismissed Plaintiff's state-law claims with
prejudice.  The Court, however, granted Plaintiff leave to file
an Amended Complaint to state claims arising from the factual
allegations in her Complaint "but without prejudice to Defendant
raising any time-limit defenses thereto."

3 - OPINION AND ORDER

On December 8, 2016, Plaintiff filed an Amended Complaint in which she brings claims of retaliation for resisting sexual harassment in violation of Oregon Revised Statute § 659A.199 and Title VII, 42 U.S.C. § 2000e, *et seq.*

On January 10, 2017, Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint on the grounds that her claims are time-barred or, in the alternative, that Plaintiff fails to state a claim.  The Court took Defendant's Motion under advisement on February 24, 2017.

**STANDARDS**

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic v. Twombly*, 550 U.S. 554,] 570, 127 S. Ct. 1955.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.* at 556. . . .  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Ibid.*  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.* at 557, 127 S. Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  *See also Bell Atlantic*, 550 U.S. at 555-56.  The court must accept as true the allegations in the complaint and construe them in favor of the plaintiff.  *Novak v. U.S.*, 795 F.3d 1012, 1017 (9th Cir. 2015).

4 - OPINION AND ORDER

The pleading standard under Federal Rule of Civil
Procedure 8 "does not require 'detailed factual allegations,' but
it demands more than an unadorned, the-defendant-unlawfully-
harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*,
550 U.S. at 555). *See also* Fed. R. Civ. P. 8(a)(2). "A pleading
that offers 'labels and conclusions' or 'a formulaic recitation
of the elements of a cause of action will not do.'" *Id.* (citing
*Twombly*, 550 U.S. at 555). A complaint also does not suffice if
it tenders "naked assertion[s]" devoid of "further factual
enhancement." *Id.* at 557.

"In ruling on a 12(b)(6) motion, a court may generally
consider only allegations contained in the pleadings, exhibits
attached to the complaint, and matters properly subject to
judicial notice." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir.
2012)(citation omitted). A court, however, "may consider a
writing referenced in a complaint but not explicitly incorporated
therein if the complaint relies on the document and its
authenticity is unquestioned." *Swartz v. KPMG LLP*, 476 F.3d 756,
763 (9th Cir. 2007)(citation omitted).


## DISCUSSION

As noted, Defendant moves to dismiss Plaintiff's claims on
the ground that they are time-barred.

I.  **Plaintiff's claim for violation of § 659A.199 is time-barred.**

As noted, in her Amended Complaint Plaintiff again asserts a claim for retaliation for resisting sexual harassment in violation of § 659A.199.  The Court dismissed this claim with prejudice in its November 28, 2016, Opinion and Order on the ground that Plaintiff failed to commence this action against Defendant within 90 days after BOLI mailed her Right-to-Sue letter.

As the Court previously explained, Oregon Revised Statute § 659A.875(2) provides a claimant who has filed a BOLI complaint "*must* commence a civil action under ORS 659A.885 within 90 days after a 90-day notice is mailed to the complainant."  Emphasis added.  *See also Stewart v. Rock Tenn CP, LLC*, No. 3:13-CV-02147-SC, 2015 WL 1883910, at *7 (D. Or. Apr. 24, 2015)("If a claimant files a complaint with BOLI and receives a right-to-sue letter, the claimant 'must commence a civil action under ORS 659A.885 within 90 days after a 90-day notice is mailed to the complainant.'").  As noted, BOLI mailed Plaintiff a Right-to-Sue letter on March 3, 2016.  Plaintiff, therefore, was required to commence her action against Defendant no later than June 1, 2016.

The Supreme Court has held in diversity cases that state law governs the commencement of an action for calculating the statute of limitations.  *Walker v. Armco Steel Corp.*, 446 U.S. 740, 752-53 (1980).  *See also Montgomery v. City of Portland Fire &*

6 - OPINION AND ORDER

*Rescue*, No. 08-CV-1006-MO, 2009 WL 1329850, at *4 (D. Or. May 8, 2009)(discussing *Walker*).  The Ninth Circuit has noted "[s]tatutes of limitations, which dictate the life of state causes of action, are too intimately connected with the substance of the state-created right to be disregarded by the federal courts."  *Harvey's Wagon Wheel, Inc. v. Van Blitter*, 959 F.2d 153, 157 (9th Cir. 1992)(quotation omitted).  The Ninth Circuit, therefore, has held the federal civil rule governing the commencement of an action "does not commence a suit based on state law for purposes of the statute of limitations."  *Sain v. City of Bend*, 309 F.3d 1134, 1138 (9th Cir. 2002)(internal citations omitted).

Oregon Revised Statute § 12.020(2) provides when a plaintiff serves the defendant with the summons "before the expiration of 60 days after the date on which the complaint in the action was filed, the action . . . shall be deemed to have been commenced upon the date on which the complaint in the action was filed."  If a plaintiff does not serve the defendant with the summons within 60 days of the date the complaint was filed, the action is "deemed commenced . . . when the complaint is filed, *and* the summons served on the defendant."  Or. Rev. Stat. § 12.020(1) (emphasis added).

As noted, Plaintiff filed the Complaint in this matter on April 19, 2016.  Plaintiff, however, did not serve Defendant with

7 - OPINION AND ORDER

a summons until August 11, 2016, which is more than 60 days after Plaintiff filed the Complaint.  Thus, § 12.020(2) does not apply, and this matter is deemed to have been filed on August 11, 2016, when, according to Defendant, it received the Summons. Plaintiff, therefore, failed to file this action within 90 days of her BOLI Right-to-Sue letter.

The Court, therefore, finds it correctly concluded in its November 28, 2016, Opinion and Order that Plaintiff's claim for violation of § 659A.199 was time-barred.  Moreover, Plaintiff has not alleged new or different facts in her Amended Complaint that indicate the Court's ruling was in error.

Accordingly, the Court grants Defendant's Motion to Dismiss Plaintiff's claim for violation of § 659A.199 with prejudice.

## II.  Plaintiff's claim for violation of Title VII is time-barred.

The Ninth Circuit has held a plaintiff is required to file an action for violation of Title VII within 90 days of receiving her right-to-sue letter from the EEOC.  *See Bullock v. Berrien*, 688 F.3d 613, 616 (9th Cir. 2012)("The employee may file a civil action in federal district court within 90 days of receiving notice of final agency action on the employee's formal complaint.").  *See also* 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407.  The 90-day period "operates as a limitations period" that bars the action if a plaintiff does not file a civil action within 90 days.  *Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495

8 - OPINION AND ORDER

F.3d 1119, 1121 (9th Cir. 2007).

The limitations period begins on the date the right-to-sue notice "arrive[s] at the claimant's address of record." *Id*. at 1122. When the date the plaintiff received the right-to-sue notice is unknown, the court presumes the plaintiff received the notice three days after the date it was mailed. *Id*. at 1123-26. A plaintiff may rebut the three-day presumption.

Although in this case Plaintiff does not allege and the record does not reflect the date on which she received her right-to-sue letter from the EEOC, the record reflects the EEOC mailed the right-to-sue letter on March 14, 2016. The Court, therefore, presumes Plaintiff received her right-to-sue letter on March 18, 2016.[1] Plaintiff, however, did not assert her claim against Defendant for violation of Title VII until she filed her Amended Complaint on December 8, 2016, which is beyond 90 days. Plaintiff's claim for violation of Title VII, therefore, is untimely.

Nevertheless, Plaintiff contends her claim for violation of Title VII is not time-barred because she asserted a claim for violation of Title VII in her original Complaint. Plaintiff relies solely on the fact that she listed 42 U.S.C. § 2000e in the case caption of her original Complaint. The Court, however,

---

[1] March 17, 2016, was a Sunday. The Court, therefore, presumes Plaintiff received the right-to-sue letter the following Monday, March 18, 2016.

already concluded in its November 28, 2016, Opinion and Order
that Plaintiff's original Complaint did not allege a claim for
violation of Title VII.  In reaching that conclusion the Court
noted Plaintiff stated in her Complaint that "[t]his court has
diversity jurisdiction under 28 USC 1331.  [Plaintiff] is a
citizen of Oregon and [Defendant] is a citizen of Delaware.  The
amount in controversy exceeds $75,000."  Compl. at ¶ 4.
Plaintiff did not make any allegation of federal-question
jurisdiction.  Similarly, Plaintiff alleged she was terminated
"for resisting sexual harassment in violation of common law and
ORS 659A.199."  Compl. at ¶¶ 15.  Plaintiff did not cite to or
rely on any federal statute in the body of her Complaint.
Finally, Plaintiff cited only Oregon cases that relied on Oregon
statutes to support her allegation that she was terminated for
pursuing her right to be free from sexual harassment.

Plaintiff's assertion that citing Title VII in the case
caption is sufficient to assert a claim for violation of Title
VII is unsupported by any authority.  In fact, courts have held
merely referencing a claim in a case caption is insufficient to
assert a claim.  *See, e.g., Newfield v. City Nat'l Bank, NA*,
No. CV 16-3833 DSF (JPRx), 2017 WL 540944, at *2 (C.D. Cal.
Jan. 27, 2017)(concluding the plaintiff did not allege claims for
intentional infliction of emotional distress and malicious
prosecution when he listed them on the caption page of his

10 - OPINION AND ORDER

complaint but did not "assert these claims in the body of the complaint."); *Abdul-Haqq v. Kaiser Emergency in San Leandro*, No. 16-cv-05454-PJH, 2017 WL 550235, at *7 (N.D. Cal. Feb. 10, 2017)(concluding the plaintiff did not allege claims that were named only in the case caption and not asserted in the body of the complaint).  The Court, therefore, adheres to its earlier conclusion that Plaintiff did not allege a claim for violation of Title VII in her original Complaint.  Moreover, the Court concludes Plaintiff alleged her Title VII claim for the first time in her Amended Complaint, which was filed after the 90-day limitations period had passed.

Finally, the Supreme Court has stated Federal Rule of Civil Procedure 15(c) allows a plaintiff to relate back her amended pleading "to the date of a *timely* filed original pleading" and renders the amended pleading "timely even though it was filed outside an applicable statute of limitations period." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 538 (2010)(emphasis added). The Ninth Circuit has not addressed whether a plaintiff may relate back an amended pleading to an untimely original pleading. The Seventh Circuit, however, addressed the issue in *Henderson v. Bolanda,* 253 F.3d 928 (7th Cir. 2001), in which it concluded Rule 15(c) does not permit an amended complaint to relate back to an earlier, untimely complaint.  The Seventh Circuit explained an untimely original complaint is "a nullity" that cannot "act as a

life-line for a later complaint, filed after the . . . statute of limitations for the claims which it contained." *Id.* at 932. Thus, the court concluded the plaintiff's federal claim that he raised for the first time in his amended complaint was barred by the applicable statute of limitations because the plaintiff's original complaint, which had alleged only state-law claims, was untimely. *Id.* at 931-32.

The Court adopts the reasoning of *Henderson* and concludes Plaintiff's Title VII claim does not relate back to her original Complaint because Plaintiff's original Complaint was untimely. Accordingly, the Court grants Defendant's Motion to Dismiss Plaintiff's Title VII claim.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion (#18) to Dismiss and **DISMISSES** this matter **with prejudice**.

IT IS SO ORDERED.

DATED this 27th day of March, 2017.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

12 - OPINION AND ORDER